IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ENRIQUE CHAN, et al.,<br><br>　　　　Defendants.<br>　　　　　　　　　　　　　　　　　　／ | No. CR 05-375 SI<br>Related Case CR 06-428 SI<br><br>**ORDER DENYING DEFENDANT VUONG'S MOTION TO DISMISS** |

On August 4, 2006, the Court heard oral argument on defendant Vuong's motion to dismiss based upon an alleged Speedy Trial Act violation. After careful consideration of the parties' papers and arguments of counsel, the Court hereby DENIES the motion.

**DISCUSSION**

The Speedy Trial Act requires that a defendant's trial commence within 70 days of the later of the filing of the indictment or the defendant's first appearance before the court in which charges are pending. *See* 18 U.S.C. § 3161(c)(1). If a defendant's trial does not begin within the requisite time period and the defendant moves for dismissal prior to trial, the Court must dismiss the indictment. *See* 18 U.S.C. § 3162(a)(2). This rule is tempered by the Speedy Trial Act's exclusion of certain periods of time from the 70-day calculation. *See United States v. Hall*, 181 F.3d 1057, 1060 (9th Cir. 1999). The Speedy Trial Act excludes delays resulting from pretrial motions, *see* 18 U.S.C. § 3161(h)(1)(F), delays resulting from the unavailability of the defendant, *id.* at § 3161(h)(3)(A), or reasonable delays resulting from the joinder of a defendant with a codefendant whose 70-day period has yet to run. *Id.* § 3161(h)(7).

Here, defendant Vuong stipulated to Speedy Trial exclusions from the inception of CR 05-375 through at least January 20, 2006. Vuong also filed a motion to sever and a motion to dismiss on January 26, 2006, both of which were denied on March 20, 2006. Vuong agrees that those two periods of time should be excluded, but that all other time is not reasonably excluded. All of Vuong's codefendants in CR 05-375 have stipulated to the exclusion of all time under the Speedy Trial Act due to the complexity of the case, as well as extensive motion practice.[1]

"It is well-established that an exclusion from the Speedy Trial clock for one defendant applies to all codefendants." *United States v. Messer*, 197 F.3d 330, 336 (9th Cir. 1999). "The attribution of delay to a codefendant, however, is limited by a reasonableness requirement; § 3161(h)(7) excludes from the 70-day period '[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted.'" *Id.* (quoting 18 U.S.C. § 3161(h)(7)). The Ninth Circuit has instructed that courts should measure reasonableness on a case by case basis, and in reference to the totality of the circumstances prior to trial, or the actual prejudice suffered by the defendant as a result of the time exclusion. *Id.* at 337. Courts should evaluate "whether the delay was necessary to effectuate the purpose of § 3161(h)(7) 'to facilitate the efficient use of judicial resources by enabling joint trials where appropriate.'" *Id.* at 338 (quoting *Hall*, 181 F.3d at 1062).

Here, all of the delays have been reasonable because they have been due to numerous and complicated motions filed by defendants. In addition, the delays have been and are necessary to preserve the possibility of a joint trial. The Court previously denied Vuong's motion to sever in CR 05-375, reasoning that because Vuong was charged in the two conspiracy counts (out of three counts total), judicial efficiency weighed in favor of a joint trial. Now Vuong is charged under four counts in CR 06-428 SI, including two conspiracy charges, and thus the same reasoning applies.

The Court also concludes that defendant has not suffered any prejudice. Vuong has been released on bond pending trial (in CR 05-375), and the government states that it expects he will remain released on the same conditions in CR 06-428. The only prejudice Vuong cites is the fact that he has

---

[1] Vuong is not named in the second superseding indictment filed in CR 05-375, and is named as a defendant under four counts in CR 06-428 SI.

2

been indicted with additional charges in 06-428; however, Vuong does not cite any authority for the proposition that the addition of charges constitutes "prejudice." *Compare Messer*, 197 F.3d at 339-40 (finding defendants prejudiced by delay because important witness died prior to trial), *and United States v. Murillo*, 288 F.3d 1126, 1131 (9th Cir. 2002) (finding no prejudice from delay in complex prosecution where no evidence that government sought any tactical advantage by delay).

The cases cited by defendant are distinguishable. In *Hall*, the Ninth Circuit held that a 77-day delay was unreasonable because the primary purpose of the continuances was to allow Hall's co-defendant to engage in plea negotiations. 181 F.3d at 1062. The court further found that Hall was prejudiced by the delay because five days before the trial was set to begin, Hall's co-defendant reached a plea agreement with the government whereby she agreed to testify against Hall. *Id.* at 1063. "Thus, in being carried along in Nelson's continuances, Hall was effectively prevented from going to trial until the government had secured Nelson as a witness against him." *Id.*; *see also Messer*, 288 F.3d at 337-38 (repeated delays due to extradition and lengthy trial of co-conspirator in another state were not reasonable).

The Court is mindful of Vuong's concerns and his desire for a speedy trial. As discussed at the August 4, 2006 hearing, the Court intends to schedule a trial for Vuong and several of his codefendants in CR 06-428 as soon as possible. The Court will address scheduling at the September 1, 2006 conference in CR 06-428.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby DENIES Vuong's motion to dismiss. (Docket No. 397 in CR 05-375).

**IT IS SO ORDERED.**

Dated: August 4, 2006

SUSAN ILLSTON
United States District Judge

3